UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BEATRICE Y. PUGA, § <br> § <br> Plaintiff, § <br> VS. §     CIVIL ACTION NO. 1:19-CV-23 <br> § <br> WAL-MART STORES TEXAS, LLC, § <br> § <br> Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Beatrice Y. Puga's Motion to Remand (Doc. 5). Having considered the Motion, the parties' briefing and the applicable law, the Court finds the Motion not well taken.

### I. Allegations and Procedural History

While shopping at a Wal-Mart in Harlingen, Texas, Beatrice Puga ("Puga") slipped and fell, allegedly suffering injuries and other damages. Following the incident, Puga sued Wal-Mart Stores Texas, LLC ("Wal-Mart") in a Texas state court. In her Original Petition, she alleges damages in a number of categories, including: (1) past and future physical pain; (2) past and future mental anguish; (3) past and future physical impairment; (4) past and future physical disfigurement; (5) past and future medical expenses; and (6) lost wages. (Original Petition, Doc. 1, Ex. A, ¶ 11.1) She also seeks "all other relief, in law and equity, to which plaintiff may be entitled." (*Id.*)

In February 2019, Wal-Mart filed its Notice of Removal based on diversity jurisdiction. (Notice of Removal, Doc. 1) A few weeks later, Puga filed the present Motion to Remand, arguing that Wal-Mart has not demonstrated that this case meets the amount-in-controversy requirement of 28 U.S.C. § 1332. (Motion to Remand, Doc. 5) In particular, Puga argues that because her Original Petition does not seek monetary relief that exceeds $75,000, the Court should remand the case. (*Id.*) In response, Wal-Mart argues that discovery has rendered clear

that Puga seeks more than $75,000 in damages, thus meeting the amount-in-controversy threshold to support diversity jurisdiction.[1]

II. Analysis

A. Legal Standard

A defendant may remove a case to federal district court only if that court would have had original jurisdiction. 28 U.S.C. § 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)-(a)(1). The removal statute is construed narrowly, with any doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

"Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). But even if a plaintiff pleads below the jurisdictional threshold, "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar*, 47 F.3d at 1411. The defendant can rely on the plaintiff's pleading or summary judgment type evidence to establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory threshold. *Id.* at 1410; *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). To prevent removal, the plaintiff must show that as a matter of law, she cannot recover more than the damages pled in the state court complaint and that those damages fall below the $75,000 requirement. *Id.*

---

[1] The parties agree that complete diversity of citizenship exists.

### B. Application to Puga's Claims

In Puga's Original Petition, she alleges that she "seeks monetary relief not to exceed $75,000." (Original Petition, Doc. 1, Ex. A, ¶ 6.1) Despite this allegation, Wal-Mart argues that Puga's discovery responses, coupled with the request for relief in her Original Petition, demonstrate that the amount-in-controversy exceeds $75,000. (Response, Doc. 6, ¶ 11)

The Court agrees with Wal-Mart. In her responses to Wal-Mart's Request for Disclosure, Puga values her alleged past medical expenses at $57,319.04. (Plaintiff's Responses to Defendant's Request for Disclosure, Doc. 5, Ex. B) These alleged damages, however, represent only one of several categories of damages that Puga seeks in this lawsuit. If the evidence before the Court demonstrates that Puga seeks, in the remaining categories of alleged damages, more than $17,680.96, the amount-in-controversy requirement is satisfied.

In addition to past medical expenses, Puga requests damages for lost wages, future medical expenses, and past and future physical pain, mental anguish, physical impairment, and physical disfigurement. (Original Petition, Doc. 1-2, ¶ 11.1) While the record does not contain monetary values for these categories, the Court finds that taken together, and considering the alleged $57,319.04 solely for past medical expenses, the remaining categories of damages exceed $17,880.96. (Original Petition, Doc. 1, ¶ 11.1) As a result, the preponderance of the evidence demonstrates that the amount-in-controversy is greater than $75,000.

Puga also has not established that as a matter of law, she cannot recover more than $75,000 for the damages that she requests. When she filed her lawsuit in state court or at the time of removal, Puga had not stipulated or submitted an affidavit limiting her damages to $75,000 or less. And no legal principle bars her from recovering more than $75,000 for the injuries that she alleges. As a result, despite the allegation in her Original Petition, Puga has not demonstrated that as a matter of law, she cannot recover more than $75,000.[2]

### III. Conclusion

---

[2] Wal-Mart also contends that Puga's damages allegations do not comply with Texas Rule of Civil Procedure 47. (Response, Doc. 6, ¶ 10) The Court finds it unnecessary to reach this issue.

For these reasons, it is:

ORDERED that the Plaintiff's Motion to Remand is DENIED.

SIGNED this 3rd day of May, 2019.

_____
Fernando Rodriguez, Jr.
United States District Judge